SHARON MACK V. HAROLD COMER

NO. 07-00-0327-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 13, 2000

______________________________

JOHN LEWIS NOWAK,

Appellant

v.

TWELVE OAKS MEDICAL CENTER, INC., D/B/A AMI TWELVE OAKS HOSPITAL, FERNANDO AZEVEDO, M.D., AND GREATER HOUSTON ANESTHESIA ASSOCIATION, 

Appellee

_________________________________

FROM THE 164
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 98-57248; HON. MARTHA HILL JAMISON, PRESIDING

_______________________________

DISMISSAL

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ. 

John Lewis Nowak (appellant) filed a notice of appeal from the trial court’s judgment entered on March 16, 2000.   By letter dated August 30, 2000, this Court notified all counsel that the clerk of the trial court had confirmed that the cost of preparing the clerk’s record not been paid and that “[a]bsent proof of payment by September 11, 2000, this appeal will be subject to dismissal” pursuant to Texas Rule of Appellate Procedure 35.3(A) (2) and 42.3(c).  To date, appellant has not responded to our letter nor has he provided evidence indicating that 1) the clerk’s record has been paid for, 2) arrangements have been made for the payment of said record, or 3) that he is indigent and entitled to proceed as a pauper.

The Texas Rules of Appellate Procedure require an appellant to pay for the clerk’s record, make arrangements for the payment of same, or establish that he is entitled to appeal without paying for same.  
Tex. R. App. P
. 35.3(a)(2).  Should he fail to comply with that directive, we may dismiss the appeal for want of prosecution.  
Tex. R. App. P.  
37.3(b).  So too may we dismiss upon his failure to comply with the requirements of the appellate rules of procedure or respond to a notice from the clerk.  
Tex. R. App. P. 
42.3(c).   

Because appellant has not responded to the clerk’s August 30
th
 letter or tendered proof that he 1) paid for the clerk’s record, 2) made arrangements to pay for same, or 3) is a pauper, we dismiss the appeal pursuant to Rules 37.3(b) and 42.3(c).

   

                               Brian Quinn 

    Justice 

 

 

Do not publish.